Page **1** of 15

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.     Case Nos.: **1:94cr1044/WTH/GRJ**
                    1:16cv209/WTH/GRJ
                    **1:94cr1050/WTH/GRJ**
                    1:16cv210/WTH/GRJ

STEVEN LANG SANFORD,

    Petitioner.

---

## **REPORT AND RECOMMENDATION**

Petitioner Steven Lang Sanford has filed identical Motions to Correct Sentence Under 28 U.S.C. § 2255 and Time Sensitive Memorandums in Support in both of the above-styled criminal cases contending that he is entitled to sentencing relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF Nos. 261, 263.)[1] The Government filed a response in opposition and two Notices of Supplemental Authority. (ECF Nos. 267, 268, 271.) Petitioner filed a reply. (ECF No. 270.) After a careful review

---

[1] All document references are to Case Number 1:94cr1044, unless otherwise noted, and all references to "motion" intend to encompass the identical motions filed in each case.
Case Nos.: 1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

of the record and the arguments presented, the Court concludes that Petitioner's motion should be dismissed as successive.

## BACKGROUND and ANALYSIS

On February 13, 1995, after a consolidated jury trial, Petitioner was found guilty of receiving or concealing stolen firearms in violation of 18 U.S.C. § 922(j) and § 924(a)(2) (count one); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and § 924(e) (count three); and retaining or concealing stolen United States Treasury Bonds in violation of 18 U.S.C. § 510(b) (count five).  (ECF No. 101.)  Petitioner was also found guilty of one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) and § 924(e) in Case No. 1:94cr1050.  (*See* Case No.: 1:94cr1050, ECF No. 16.)  A combined Presentence Investigation Report ("PSR") was prepared which reflected a history of multiple prior Florida burglary convictions.  (ECF No. 262, PSR ¶¶ 75-78, 80-84, 88-92, 96-98.)  The court classified Petitioner as an Armed Career Criminal based on these convictions.  (ECF No. 262 at 11, PSR ¶ 61.)  Petitioner was subject to an enhanced statutory term of 15 years to life imprisonment under § 924(e) and the greater Guideline range in U.S.S.G. § 4B1.4 for the felon in possession of a firearm convictions.

Petitioner's total offense level was 34 and his criminal history category was VI. His applicable Guidelines range was 262 to 327 months' imprisonment. (ECF No. 262 at 39, PSR ¶ 143.)  The court sentenced Petitioner to 120 months' on counts one and five and 327 months' on count three, to run concurrently, followed by five years of supervised release. (ECF Nos. 139, 140.)  The court also sentenced Petitioner to 327 months' imprisonment in case number 1:94cr1050 to run concurrently with the sentences imposed in this case. (*See* Case No.: 1:94cr1050, ECF Nos. 34, 35.)

Petitioner's convictions and sentences were affirmed on appeal. (*See* ECF No. 174.)  *Sanford v. United States*, 109 F.3d 769 (11th Cir.), cert. denied, 521 U.S. 1128 (1997).  Petitioner filed a § 2255 motion in each case, and postconviction relief was denied.  A certificate of appealability was also denied. (ECF Nos. 210, 213, 232.)  On June 24, 2016, the Eleventh Circuit Court of Appeals granted Petitioner's application for leave to file a second or successive § 2255 motion.  *See In Re: Steven Sanford*, Case No. 16-13051-J (11th Cir. 2016).  The court noted that Petitioner's sentencing transcript was not available for review, so it left it to this court to make a full determination as to whether Petitioner has met the criteria for filing a successive § 2255 motion based on the complete record.

Case Nos.:  1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

Pursuant to the Armed Career Criminal Act, ("ACCA"), a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen-year sentence. 18 U.S.C. § 924(e)(1). The statutory definition of a violent felony under the ACCA is an offense that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another *[known as the elements clause]* or (ii) is burglary, arson, or extortion, involves the use of explosives *[known as the enumerated offenses clause]* or otherwise involves conduct that presents a serious potential risk of physical injury to another *[known as the residual clause]*." 18 U.S.C. § 924(e)(2)(B)(i) and (ii). An individual subject to ACCA's enhanced penalties also is subject to a greater guidelines range pursuant to U.S.S.G. § 4B1.4. In *Johnson*, the Supreme Court ruled that the ACCA's "residual clause" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. Thus, a prior conviction can only qualify as a "violent felony" if it falls within the elements clause or is one of the enumerated offenses. The Supreme Court has held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Absent the application of the ACCA

Case Nos.:  1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

enhancement, Petitioner would have faced a maximum sentence of ten years' imprisonment. *See* 18 U.S.C. § 924(a)(2).

Petitioner argues that his prior Florida convictions for burglary cannot qualify as violent felonies under either the now-voided residual clause or the enumerated offenses clause of the ACCA because Florida's burglary statute is non-generic and indivisible. (ECF No. 263 at 3-4.) *See Mathis v. United States*, 136 S. Ct. 2243, 2251-54 (2016) (holding that a prior conviction does not qualify as the generic form of a predicate violent felony offense listed in the ACCA if an element of the crime of conviction is broader than an element of the generic offense because the crime of conviction enumerates various alternative factual means of satisfying a single element).

The Government concedes that in light of *Mathis*, if Petitioner were sentenced today, his prior Florida burglary convictions would not qualify as predicate offenses under the ACCA. (*See* ECF No. 267 at 7.) However, the Government argues that the record in this case establishes that the sentencing court did not rely on the residual clause of the ACCA, which was invalidated by *Johnson*, but instead relied on the enumerated offenses clause, which has been left undisturbed by *Johnson*. The Government

Case Nos.: 1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

also argues that, unlike *Johnson*, *Mathis* did not announce a new substantive rule of law that has been made retroactive by the Supreme Court to cases on collateral review.[2]

In granting Petitioner's application to file a second or successive § 2255 motion, the Eleventh Circuit noted that given the time constraints it was not able to review Petitioner's sentencing transcript. Without more information, the court stated that it was unclear which prior felonies were used to enhance Petitioner's sentence under the ACCA, and it was unable to discern how his PSR objections were resolved or whether he raised any other ACCA challenges during the sentencing hearing. (*See* No. 16-1305 at 5.) The court also noted that it has held that Florida burglary convictions can qualify as violent felonies under the ACCA's residual clause (*see United States v. Matthews*, 466 F.3d 1271, 1275-76 (11th Cir. 2006)), or under the enumerated offenses clause (*see United States v. Weeks*, 711 F.3d 1255, 1262-63 (11th Cir. 2013)).

---

[2] The Government also argues that if the court cannot determine whether the residual clause was used in sentencing Petitioner, then the court should deny the § 2255 motion without further analysis. (ECF No. 267 at 10.) *See In re Moore*, 830 F.3d 1268, 1272-73 (11th Cir. 2016). In his reply Petitioner argues that the record is not clear whether the court relied on the enumerated offenses clause in enhancing his sentence, and that any ambiguity in the record should be resolved in his favor. (ECF No. 270 at 1.) *See In re Chance*, 831 F.3d 1335, 1341-42 (11th Cir. 2016).
Case Nos.: 1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

In order to meet the statutory requirements for filing a successive § 2255 motion under *Johnson,* Petitioner must demonstrate that the residual clause was implicated in his sentencing.[3]  If *Johnson* applies to Petitioner's case, then the court can apply current binding precedent, like *Mathis*, to determine whether the predicate offenses would still qualify for an ACCA enhancement.  *Johnson,* however, is not a portal to raise a claim that a prior felony should not have qualified as a predicate offense under the ACCA's elements or enumerated offenses clauses.  *See In re Hires*, 825 F.3d 1297, 1303 (11th Cir. 2016) (holding that a successive petitioner must show that he was sentenced at least in part under the residual clause).  The threshold issue for this court is to determine under which clause of the ACCA Petitioner's sentence was enhanced in order to determine if Petitioner has met the statutory criteria in § 2255(h) for filing a second or successive motion.  *See In re Moss*, 703 F.3d 1301, 1303 (11th

---

[3] Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 motion may be filed only if a panel of the Court of Appeals determines that the motion is based on:
  (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or
  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Case Nos.:  1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

Cir. 2013) (noting that the Eleventh Circuit's "limited determination" to grant authorization for a petitioner to file a successive § 2255 motion does not bind the district court, which is to decide the "issues fresh, or in the legal vernacular, *de novo*."). If Petitioner's sentence was enhanced under either the elements clause or the enumerated offenses clause of the ACCA, then his instant motion must be dismissed as an unauthorized successive motion.

In making this determination, unlike the appellate court, this court has the benefit of the sentencing transcript. A review of the entire record reflects that the court enhanced Petitioner's sentence in reliance on the enumerated offenses clause of the ACCA. During the June 1995 sentencing hearing Petitioner's counsel objected to the enhancement of Petitioner's sentence based on his prior convictions for burglary by arguing that, "[n]ow, 924(e) defines a violent felony to include conviction for burglary. The confusion arises, Your Honor, in that 924(e) does not specifically define what amounts to burglary." (ECF No. 169 at 5.) He then cited *Taylor v. United States*, 495 U.S. 575, 602 (1990) which held that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement if either its statutory definition substantially corresponds to

Case Nos.: 1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant." Counsel quoted parts of the *Taylor* decision as follows:

> Although the exact formulations vary, the generic contemporary meaning of burglary contains at least the following elements, an unlawful or unprivileged entry into or remaining in a building or structure with intent to commit a crime.

> ***

> We think the only plausible interpretation of Section 924(e)(2)(b)(ii) is that, like the rest of the enhancement statute, it requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.

(ECF No. 169 at 6, 8.) Counsel also reviewed the definition of burglary in Florida Statute § 810.02 from 1985, 1986 and 1993, the years which applied to Petitioner's burglary convictions, and argued that the definition of burglary was broader than a generic burglary. Counsel concluded as follows:

> Your Honor, we're currently faced with a situation where Mr. Sanford pled guilty to third-degree burglaries, which is the least significant burglaries as defined by Florida statues. The Florida statute defines burglary much more broadly than the definition given burglary under the federal laws applicable to enhancement of 924(e). As such,

Case Nos.: 1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

enhancing Mr. Sanford on the basis of those prior convictions would be inappropriate.

(*Id.* at 9-10.)   The court rejected Petitioner's argument and sentenced him as an armed career criminal without explicitly addressing which clause of the ACCA supported the enhancement.  The court also noted that it could structure an upward departure due to Petitioner's "extensive past criminal history," but declined to do so.  (*Id.* at 25.)

On direct appeal Petitioner challenged his classification as an armed career criminal because he did not have three convictions for "generic" burglary.   In affirming the court's sentence, the Eleventh Circuit held in an unpublished opinion as follows:

> A generic burglary is "an unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime" and may be a predicate offense for § 924(e) enhancement.  *Taylor v. United States*, 495 U.S. 575, 599 (1990).  The district court, however, relied on Sanford's eleven nolo contendere pleas to charges under Florida's "non-generic" burglary statute.  Non-generic burglary statutes "eliminates the requirement that the entry be unlawful, or [include] places, such as automobiles or vending machines, other than building[s]." *Id.* at 602.  Sanford contends that his convictions for non-generic burglary may not be used to enhance his sentence under § 924(e), and he argues that *Taylor* supports his position.  However, in *United States v. Alabama*, 91 F.3d 114, 116 (11th Cir. 1996), we held that under *Taylor* the government may establish that a prior conviction under a non-generic statute resulted from a generic burglary.  It is clear that at least three of Sanford's burglaries have the basic elements of generic burglary under *Taylor*.  Therefore, the

Case Nos.:  1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

district court did not err by enhancing Sanford's sentence under § 924(e).

(ECF No. 267, Ex. 2 at 4-5.) Petitioner filed a Suggestion for Rehearing En Banc, raising the issue of whether a district court could base an ACCA sentence enhancement on prior Florida non-generic burglary convictions when the Government offered no evidence to prove that the offenses constituted crimes of violence at sentencing. (*See* ECF No. 267, Ex. C.) A rehearing was denied.

The record demonstrates that throughout the sentencing hearing and on appeal, Petitioner's objection to the ACCA-enhancement centered on whether his prior burglary convictions were generic or non-generic under the enumerated offenses clause, not whether the convictions qualified as violent felonies under the residual clause. At the time of Petitioner's sentencing, circuit court law applied a modified categorical approach to facts in a PSR to determine whether a petitioner's convictions under a non-generic burglary statute could qualify as a generic burglary under the ACCA's enumerated offenses clause. *See United States v. Alabama*, 91 F.3d 114, 116 (11th Cir. 1996) (holding post-*Taylor* that a PSR documenting a petitioner's prior convictions after entering guilty pleas

Case Nos.: 1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

under Georgia's non-generic burglary statute established that they were generic burglaries and were properly counted as ACCA predicate offenses). While the sentencing court did not expressly state under which clause of the ACCA Petitioner's prior convictions qualified as predicate offenses, Petitioner cannot demonstrate, nor does he argue, that at the time of sentencing his prior convictions could not qualify under the enumerated offenses clause.

While after *Mathis*, a Florida burglary conviction would not qualify as a predicate offense under the enumerated offenses clause because the Florida statute is non-generic and indivisible, *Mathis* has not been held to be retroactively applicable to cases on collateral review or to authorize the filing of a second or successive § 2255 motion. *See In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (denying an application to file a successive § 2255 motion and stating "*Mathis* does not provide an independent basis for [petitioner's successive] application, as the Supreme Court's holding in *Mathis* did not announce a 'new rule of constitutional law.'"); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("*Mathis* interprets the statutory word 'burglary' and does not depend on or announce any novel principle of constitutional law" so it does not authorize

a successive § 2255 motion); United States v. Taylor, 672 F. App'x 860, 864 (10th Cir. 2016) ("Mathis did not announce a new rule" that would allow a second or successive § 2255 motion); see also In re Thomas, 823 F.3d 1345, 1349 (11th Cir. 2016) (holding that Descamps v. United States, 133 S. Ct. 2276 (2013) (which clarified precedent regarding the use of the categorical and modified categorical approach when determining whether a prior offense was a violent felony under the ACCA) did not announce a new rule of constitutional law made retroactive to cases on collateral review). Therefore, Mathis cannot be used to support Petitioner's argument that his prior Florida burglary convictions are not proper predicate offenses under the ACCA's enumerated offenses clause.

## CONCLUSION

Because Petitioner's sentence is not invalidated by Johnson, he has not satisfied the jurisdictional requirements for filing a second or successive § 2255 motion under § 2255(h), and his motion must be dismissed for lack of jurisdiction. See 28 U.S.C. 2244(b)(4); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that the Eleventh Circuit's determination that an applicant has made a prima facie showing

Case Nos.:  1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

that the statutory criteria have been met is simply a threshold determination).

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation

Case Nos.:  1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ

by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1. Petitioner Sanford's Motion to Correct Sentence Under 28 U.S.C. § 2255, (ECF No. 261), should be **DISMISSED** for lack of jurisdiction.

2. The clerk must docket a copy of this recommendation in both of the above-styled cases.

3. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 21st day of August, 2017.

*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.:  1:94cr1044/WTH/GRJ; 1:16cv209/WTH/GRJ